*E-Filed 4/14/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES L. THOMAS, | No. C 09-3761 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| JOHN HAVLAND, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as a second or successive petition (Docket No. 5) is GRANTED. Accordingly, the petition is DISMISSED.

## BACKGROUND

According to the petition, petitioner was convicted in 2004 in the Contra Costa County Superior Court of, *inter alia*, forcible rape and first degree residential burglary, and was sentenced to 111 years to life in state prison. He challenges the constitutionality of the 2004 convictions in the instant petition.

In 2007, petitioner filed a federal habeas petition regarding these same convictions, *see Thomas v. Sisto*, (C 07-3159 JF), an action that is pending.  His 2007 claims are:  (1) the trial court erred in its rulings on the admissibility of evidence, violating due process; and (2) the trial court erred in admitting into evidence Petitioner's prior juvenile rape record, violating due process and equal protection.

In 2009, petitioner filed the instant federal habeas petition.  Petitioner's 2009 claims are:  (1) four claims of prosecutorial misconduct and the cumulative effect thereof violated due process; (2) ineffective assistance by trial counsel; and (3) ineffective assistance by appellate counsel.

## DISCUSSION

Where a claim presented in a second or successive habeas corpus petition under 28 U.S.C. § 2254 has been presented in a prior petition, such claim must be dismissed.  28 U.S.C. § 2244(b)(1).  Where a claim presented in a second or successive habeas corpus petition under § 2254 has not been presented in a prior petition, such claim likewise must be dismissed, unless:  (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.  *Id*. § 2244(b)(2).  Before a second or successive habeas petition may be filed in the district court, the petitioner must first obtain from the Court of Appeals an order authorizing the district court to consider the petition.  *Id*. § 2244(b)(3)(A).

A claim presented in a second or successive petition under 28 U.S.C. § 2254 that was not presented in a prior petition must be dismissed unless it satisfies one of two sets of requirements.  First, under § 2244(b)(2)(A), the district court must dismiss a newly-presented claim in a second or successive petition unless the applicant "shows" that the "claim relies on

a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Tyler v. Cain*, 533 U.S. 656, 662 (2001). The Supreme Court is the only entity that can "make" a new rule retroactive. *Id*. at 663. Second, § 2244(b)(2)(B) permits a newly-presented claim only where (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. *See, e.g., Babbitt v. Woodford*, 177 F.3d 744, 745–77 (9th Cir. 1999).

Here, the claims raised in the instant petition do not meet either requirement. First, petitioner has not shown that a new rule of constitutional law exists. Second, petitioner has not even contended, much less shown, that the factual predicates of his new claims could not have been discovered previously through the exercise of due diligence. All his new claims are based on information contained in the trial transcript. Accordingly, the instant petition is successive to the prior petition. Petitioner may not proceed with his petition until he has sought and obtained from the Ninth Circuit Court of Appeals an order authorizing him to file a second or successive petition in the district court. Accordingly, the instant petition will be dismissed without prejudice to petitioner's refiling the petition if he obtains the necessary order.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as being second or successive is GRANTED. The petition is hereby DISMISSED, pursuant to 28 U.S.C. § 2244(b) and without prejudice, as a second or successive petition.

//
//
//
//
//

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 5.

The Clerk shall enter judgment in favor of respondent, terminate the pending motion, and close the file.

**IT IS SO ORDERED**.

DATED: April 14, 2010

_____
RICHARD SEEBORG
United States District Judge

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Charles L. Thomas
J-42134
PO Box 4000
Vacaville, CA 95696-4000

DATED: 04/14/2010

s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.